**Gloria Mojica AVENTURADO,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

Nos. 03–70561.

United States Court of Appeals,
Ninth Circuit.

Submitted July 30, 2004.*

Decided Aug. 11, 2004.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Gloria Mojica Aventurado petitions for review of the denial of her applications for asylum and withholding of removal. Since the Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge (IJ) without opinion, we review the IJ's decision as the final agency determination. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

The IJ denied Aventurado's applications on the basis of an adverse credibility finding, but also made an alternative finding that even if Aventurado were credible, she had not established eligibility for asylum. The IJ based this latter alternative holding in part on the conclusion that Aventurado could avoid future mistreatment by living outside the small town where she was persecuted. Though the IJ's adverse credibility determination is unsupported by the record, we agree that Aventurado's prima facie eligibility for asylum was rebutted by evidence that her persecution was limited to her small home town, and that she experienced no mistreatment while she lived in Manila. We deny the petition.[1]

■ The IJ's adverse credibility finding ignored Aventurado's reasonable explanations of discrepancies between her affidavit and her testimony, and laid inappropriate emphasis on aspects of Aventurado's testimony that did not affect the substance of her claim of persecution. The central assertions of the claim for asylum remained consistent, and established that Aventurado had been the victim of persecution at the hands of local police officers because of her participation in a youth group that opposed both the criminal activity of drug dealers and traffickers and the corruption of local police and government officials. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir.2004) (listing the elements that establish eligibility for asylum). The petitioner's inability to use the correct legal terms in describing the investigation into the murder of a relative, also ostensibly on the grounds of his political opinion, is neither a material inconsistency nor relevant to the credibility of her descriptions of attacks directed at her personally. *See Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) ("[C]redibility findings must be supported by specific, cogent reasons that are substantial and bear a legitimate nexus to the determination that the petitioner did not meet his burden of establishing eligibility for asylum...."); *Garrovillas v. INS*, 156 F.3d 1010, 1013—14 (9th Cir.1998).

■ Similarly, Aventurado's difficulty in recalling the precise dates on which two attempts on her life were made has no effect on her credibility. Her testimony that both incidents occurred before her uncle's tenure, during her membership in the youth group, and while she was traveling in a car with other youth group members, is sufficient to identify the period during which they occurred, and consistent with her claim that she was targeted for her anti-drug activities. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our denial of Aventurado's petition for review has no effect on the IJ's grant of voluntary departure. We have previously affirmed that our grant of Aventurado's unopposed motion for stay of removal, which was filed within the voluntary departure period, included a stay of voluntary departure. *See Desta v. Ashcroft*, 365 F.3d 741, 745—46 (9th Cir.2004).

1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding."). Because the IJ's adverse credibility determination "rested on insufficient and impermissible grounds[,] ... we deem [Aventurado's] testimony credible." *Akinmade v. INS,* 196 F.3d 951, 957—58 (9th Cir.1999).

[3] As the cross-examination by the INS attorney demonstrated, however, Aventurado's presumption of a well-founded fear of future persecution was rebutted by her own testimony that her past persecution was limited to her small home town of Cavite.[2] Moreover, Aventurado stated that she suffered no mistreatment of any kind when she lived in Manila, both before and after the incidents to which she testified. Her persecutors were local police officers, not national government officials, and Aventurado's previous experiences in Manila show that relocation within the Philippines is reasonable.

PETITION DENIED.

---

**2.** Although the IJ misapplied the shifting burden of proof—requiring Aventurado to demonstrate that the threat of persecution was countrywide, and not the government to rebut her presumption of a well-founded fear of future persecution, *see Melkonian v. Ashcroft,* 320 F.3d 1061, 1069—70 (9th Cir.2003)—

Aventurado limited her appeal to the BIA to the IJ's adverse credibility finding, and did not contest the alternative internal relocation finding.

